UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>CARGILL MEAT SOLUTIONS CORPORATION, *et al.*,<br><br>*Defendants*. | Civil Action No.: 1:22-cv-1821 |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>AGRI STATS INC.'S MOTION TO INTERVENE</u>**

The United States moved this Court to enforce the Modified Final Judgment ("MFJ") the Court entered concerning Wayne-Sanderson Farms LLC ("Wayne-Sanderson"), ECF No. 86 ("Motion to Enforce"). The Motion to Enforce seeks direct relief against Agri Stats, Inc. ("Agri Stats"), which was not a party to the action, but which is labeled a "Consulting Firm" under the MFJ. *Id.* § II.I, at 4. Specifically, the United States asks that this Court order Wayne-Sanderson to terminate its subscription with Agri Stats for an indeterminate period until the Government and the court-appointed Monitors can determine whether Wayne-Sanderson has violated the MFJ. ECF No. 86-1 at 19.[1] Such relief is nowhere in the text of the MFJ. Should the Court grant the Government's demand, Agri Stats' independent property interests and constitutional rights would be impaired. Thus, Agri Stats is entitled to intervene as of right pursuant to Federal Rule of Civil

---

[1] The extensive factual background supporting this Motion is more fully described in Agri Stats' Opposition to United States' Motion to Enforce the Final Judgment Against Wayne-Sanderson Farms, filed concurrently herewith, and not repeated here to avoid duplication.

1

Procedure 24(a)(2) for the limited purpose of contesting the Government's motion. Alternatively, this Court should grant Agri Stats permissive intervention pursuant to Rule 24(b)(1)(B).

## ARGUMENT

**I.     AGRI STATS IS ENTITLED TO INTERVENE AS OF RIGHT.**

Federal Rule of Civil Procedure 24(a)(2) provides:

> [o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A motion to intervene under Rule 24(a)(2) must satisfy four requirements:

> (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation.

*Hous. Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). "[L]iberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

Agri Stats meets each of the four and is thus entitled to intervention as of right.

**A.     Agri Stats' Motion is Timely.**

Three factors control whether a motion to intervene is timely: "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. U.S. EPA*, 758 F.3d 588, 591 (4th Cir. 2014). "'[T]he most important circumstance relating to timeliness' is whether the intervening party seeks to intervene 'as soon as it became clear' that its interests 'would no longer be protected by the parties in the case.'" *Hisp. Nat'l L. Enf't Ass'n v. Prince George's Cnty.*, No. 18-cv-3821, 2022

2

WL 980176, at *4 (D. Md. Mar. 31, 2022) (quoting *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1012 (2022)).

The United States filed its motion seeking an order that Wayne-Sanderson cease doing business with Agri Stats on January 18, 2025, just 12 days ago. ECF No. 86. Wayne-Sanderson has yet to file its opposition, so the underlying dispute has not progressed. Permitting Agri Stats to intervene will cause no delay in resolving the Motion to Enforce. *See Hous. Gen.*, 193 F.3d at 840 (noting that "entry of final judgment is not an absolute bar to filing a motion to intervene"); *see also McClenny Moseley & Assocs., P.L.L.C. v. Equal Access Just. Fund, L.P.*, No. 23-30670, 2024 WL 2874371, at *4 (5th Cir. June 7, 2024) (holding that filing within 13 days of the order was timely).

Moreover, Agri Stats had no previous need to intervene or even comment on the decree. Though the actual Final Judgment was subject to public comment as a result of the Antitrust Procedures and Penalties Act (the "Tunney Act"), 15 U.S.C. § 16(b)-(h), nothing in the MFJ authorizes the Government to obtain an order compelling Wayne-Sanderson to cease doing business with Agri Stats. In fact, the MFJ contemplates that Wayne-Sanderson can and will continue to subscribe to Agri Stats because the overwhelming majority of benchmarking metrics that Agri Stats provides to Wayne-Sanderson have nothing to do with employee compensation. While the MFJ effectively required Agri Stats to make some accommodations in its relationship with Wayne-Sanderson, it willingly did so at the request of its customer. The MFJ as drafted and entered did not substantially infringe on Agri Stats' independent business interests and correspondingly called for no comment or intervention during the initial Tunney Act comment period. The United States' motion, which now targets Agri Stats by seeking forced termination of its business relationship with Wayne-Sanderson, alters the calculus.

**B.     Agri Stats Has a Distinct Interest in the Subject Matter of This Proceeding.**

A movant under Rule 24(a)(2) must establish a "'significantly protectable interest'" in the litigation. *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). The movant satisfies this requirement by showing it "stand[s] to gain or lose by the direct legal operation of the district court's judgment" in the action. *Id*. Economic interests are significantly protectable interests that support intervention. *See JLS, Inc. v. Pub. Serv. Comm'n of W. Va.*, 321 F. App'x 286, 290 (4th Cir. 2009) (reversing denial of intervention as of right because case affected "the amount of income [movants] can expect to earn"); *Feller*, 802 F.2d at 729-30 (reversing denial of intervention as of right because movants' wage rates were implicated by the case).

The relief the United States seeks in its Motion to Enforce is compelled termination of a customer relationship, which directly affects Agri Stats' significantly protectable interests in its liberty and property. Specifically, granting the Motion to Enforce would deprive Agri Stats of revenue from a long-standing customer and trample its commercial speech rights. This is revenue that Agri Stats needs to defend itself in a separate case that the Government has brought against Agri Stats in Minnesota, *see United States, et al. v. Agri Stats, Inc., et al*, No. 23-cv-3009 (D. Minn. Sept. 28, 2023) (hereinafter "*Minnesota Litigation*"), that raises a broader information exchange theory than that asserted in the Complaint in this case. And Agri Stats' constitutional speech rights are implicated because granting the Motion to Enforce would bar Agri Stats from communicating truthful, non-deceptive benchmarking information to Wayne-Sanderson on matters that are not affected by, or even mentioned, in the MFJ.

### C. Intervention is Necessary for Agri Stats to Protect its Independent Interests in the Outcome of the Government's Motion.

Under Rule 24(a)(2), a movant is entitled to intervention if its interests may be impaired or impeded "as a practical matter" as a result of the litigation. Fed. R. Civ. P. 24(a)(2). Agri Stats easily satisfies this prong. As described in Section I.B., as a practical matter, granting the United States' sought relief would deprive Agri Stats of its property rights by depriving it of a business relationship and related subscription fees from a prominent customer. Agri Stats estimates that the Motion to Enforce would eliminate more than one-fifth of the company's primary revenue source and jeopardize stability of other customers because the labor-related data is integral to many procompetitive aggregated efficiency metrics that have nothing to do with employee compensation or wages. *Id.* at ¶¶ 20, 26. The Motion to Enforce, if granted, would also deprive Agri Stats of its First Amendment right to share valuable information with that customer that is in no way affected by the decree and was not even raised in the Complaint in this action. In short, the relief requested targets Agri Stats independently. Agri Stats is entitled to defend its interests in such circumstances.

### D. Agri Stats' Interests are not Adequately Represented by the Existing Parties to this Proceeding.

A movant has a "'minimal'" burden in establishing that its interests are not adequately represented by existing parties. *JLS, Inc.*, 321 F. App'x at 290 (quoting *Trbovich v. UnitedMine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). Agri Stats need only show that the participation of other parties "'may be inadequate'" to represent its interests. *Id.* at 290 (quoting *Trbovich*, 404 U.S. at 538 n.10). A movant carries that burden if it may be motivated by different rationales than existing parties, even if it seeks the same outcome. *See Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 197-99 (2022).

While Agri Stats seeks the same outcome as Wayne-Sanderson, Wayne-Sanderson cannot adequately represent Agri Stats' interests here. In resolving the Government's motion, the Court

5

may explore options that would demand Agri Stats change its reports or affect its ability to provide other subscribers with valuable information on a variety of benchmarking metrics. While the specific relief the Government seeks—termination of the Wayne-Sanderson subscription—definitively harms Agri Stats' business, even lesser forms of relief may harm Agri Stats' ability to provide service to other customers. Scholer Decl., Ex. 2 ¶¶ 20, 26. Thus, any change to Agri Stats' reports would have a demonstrable effect on Agri Stats' business (including on its continued existence) that Wayne-Sanderson cannot defend. Further, only Agri Stats can assert its First and Fifth Amendment rights. Termination of Wayne-Sanderson's subscription to Agri Stats would impair not merely Agri Stats' right to communicate with a customer but would impair its ability to do so with others. *Id*. Agri Stats' interests here, accordingly, extend beyond those Wayne-Sanderson has at stake.

Additionally, unlike Wayne-Sanderson, Agri Stats is the defendant in the *Minnesota Litigation*. The United States seeks unspecified injunctive relief against Agri Stats in that case on an information exchange theory. The relief the Government requests here would (a) deprive Agri Stats of a long-standing and significant customer for some indeterminate time and (b) impair its ability to serve other customers, all without any showing that the information Agri Stats transmits to, or receives from, Wayne-Sanderson (or any other customer) harms competition or is otherwise unlawful in any way. It would also deprive Agri Stats of revenue that it needs to operate its business and defend the *Minnesota Litigation*. Ex. 2 ¶¶ 24, 26. Whether the Agri Stats reports have caused any injury to competition (or threaten to do so in the future) is precisely the issue to be resolved in the *Minnesota Litigation*. Thus, the relief the Government seeks would, if granted, deprive Agri Stats—and only Agri Stats—of its day in court in Minnesota. Accordingly, Agri Stats is entitled to intervention as of right.

## II. ALTERNATIVELY, THE COURT SHOULD GRANT AGRI STATS PERMISSIVE INTERVENTION.

Pursuant to Rule 24(b), "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Courts have substantial discretion to determine whether to allow permissive intervention. *See Hill v. W. Elec. Co.*, 672 F.2d 381, 385-86 (4th Cir. 1982). "[L]iberal intervention is desirable." *Feller*, 802 F.2d at 729. "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Permissive intervention is warranted here. Agri Stats' motion is timely; its intervention will not delay resolution of the Government's motion or cause any prejudice. As explained above, *see supra* at Section I.A, Agri Stats seeks intervention before the Motion to Enforce has been fully briefed. And Agri Stats' interests involve the same questions of fact and many of the same legal questions at issue on the Government's motion.[2] Agri Stats is entitled to permissive intervention as well. *See Nat. Res. Def. Council, Inc. v. Coit*, No. 21-CV-01827, 2021 WL 9440424 (D. Md. Nov. 23, 2021) (granting permissive intervention).

---

[2] Rule 24(c) requires that a motion to intervene "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Agri Stats is not seeking to litigate the merits of the underlying Complaint. It seeks to prevent the granting of relief that would significantly harm its business. In such circumstances, the Fourth Circuit does not require the filing of a complaint or answer to satisfy Rule 24(c). *See Spring Const. Co., Inc. v. Harris*, 614 F.2d 374, 376-77 (4th Cir. 1980). This memorandum of law and the attached opposition brief to the Government's motion fully sets out Agri Stats' grounds for intervention and sets forth Agri Stats' legal position with respect to enforcement of the MFJ. *See Harris-Reese v. United States*, No. 19-cv-1971, 2021 WL 3887707, at *4 (D. Md. Aug. 31, 2021) (granting leave to intervene and holding that a failure to file a pleading under Rule 24(c) was a "non-prejudicial technical defect" because the intervenor's "positions are clearly established in the briefs on the present and previous motions").

7

Moreover, permissive intervention is proper because the motion seeks substantial modification of a consent decree that was subject to the Tunney Act. The Tunney Act specifically contemplates that in deciding questions of modification, the Court may "authorize full or limited participation in proceedings before the court by interested persons . . . , including . . . , intervention as a party pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 16(f)(3). Given the effect on Agri Stats' independent interests, permissive intervention is appropriate. *See also* Fed. R. Civ. P. 24(b)(1) (permissive intervention is available when a federal statute gives a litigant a conditional right to intervene).

## CONCLUSION

For the foregoing reasons, Agri Stats respectfully requests that the Court grant it leave to intervene as of right pursuant to Rule 24(a)(2). Alternatively, Agri Stats requests the Court allow it to permissively intervene pursuant to Rule 24(b)(1)(B).

Dated: January 30, 2025                                    Respectfully submitted,

/s/ *Steven F. Barley*
Steven F. Barley (Bar No. 10049)
Hogan Lovells US LLP
100 International Drive
Baltimore, MD 21202
Tel: (410) 659-2700
Fax: (410) 659-2701
steve.barley@hoganlovells.com

Justin W. Bernick (*Pro Hac Vice pending*)
William L. Monts III (*Pro Hac Vice pending*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
justin.bernick@hoganlovells.com
william.monts@hoganlovells.com

*Counsel for Agri Stats, Inc.*