IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | |
| Plaintiff, | |
| v. | Civil Case No.: SAG-22-1821 |
| CARGILL MEAT SOLUTIONS, *et al.* | |
| Defendants. | |

## MEMORANDUM OPINION

In 2023, the United States and several poultry producers ("Defendants") entered a settlement agreement to resolve this civil antitrust case. ECF 59, 77. At the request of all parties, this Court entered a modified final judgment ("MFJ") on April 9, 2024. ECF 85. The United States has now filed two motions to enforce the MFJ. ECF 86, 108. Agri Stats, Inc. ("Agri Stats") has filed two separate motions to intervene, each pertaining to one of the government's motions to enforce the MFJ. ECF 101, 113. The government opposed, ECF 118, and Agri Stats filed a reply, ECF 122. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Agri Stats's motions to intervene will be granted.

I. **DISCUSSION**

Both motions to enforce the MFJ ask this Court to order Defendants Wayne-Sanderson and George's, respectively, to terminate their subscriptions with Agri Stats, which is not a party to this lawsuit. Because Agri Stats would be directly impacted should this Court grant either motion to enforce the MFJ, Agri Stats seeks to intervene either as of right, or with this Court's permission. ECF 101-1, 133-1.

1. <u>Intervention as of Right</u>

Federal Rule of Civil Procedure 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who…claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Fourth Circuit has outlined four factors to guide the evaluation of such motions: (1) "the application to intervene must be timely;" (2) "the applicant must have an interest in the subject matter of the underlying action;" (3) "the denial of the motion to intervene would impar or impede the applicant's ability to protect its interest;" and (4) "the applicant's interest is not adequately represented by the existing parties to the litigation." *Hous. Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999).

   a. *Timeliness*

The parties first dispute whether Agri Stats's motions were timely, each using a different reference point to evaluate timeliness. The Fourth Circuit has outlined three factors that district courts must consider: "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014). "[T]he most important circumstance relating to timeliness is whether the intervening party seeks to intervene as soon as it became clear that its interests would no longer be protected by the parties in the case.*" Hisp. Nat'l L. Enf't Ass'n v. Prince George's Cnty.*, No. 18-cv-3821, 2022 WL 980176, at *4 (D. Md. Mar. 31, 2022) (quoting *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S 267, 280 (2022)).

The proper reference points for this timeliness inquiry are the Government's motions to enforce the MFJ.[1] *See Cameron*, 595 U.S. at 280 (" The attorney general's need to seek intervention did not arise until the secretary ceased defending the state law, and the timeliness of his motion should be assessed in relation to that point in time."). Agri Stats is not seeking to intervene in the litigation as a whole, but rather in two specific motions that directly impact it. Those motions were file in late January and early February, 2025. Agri Stats filed each of its motions to intervene 12 days after the Government filed its respective motion to enforce the MFJ. Each motion to intervene was filed before the relevant Defendant submitted its opposition brief, and well before the Government filed its reply brief.

That is to say, the litigation on that issue was in early stages when Agri Stats sought to intervene. The Government will suffer no prejudice from Agri Stats's intervention, in particular because it will have the opportunity to submit an additional reply brief to address Agri Stats's arguments. Agri Stats's interests are specifically at issue here; allowing it to intervene will not open floodgates of contractor or consultant intervenors. And finally, Agri Stats was not tardy at all in seeking intervention—it did so within two weeks of the government filing motions that put its interests at issue in this case.

The government is right, of course, that Agri Stats is asking to intervene at a very late stage in the litigation as a whole. But that tardiness is excusable because Agri Stats's interests were not put into jeopardy by this litigation until January of this year. Put differently, the purpose of Agri Stats's intervention is aligned with the timing of its intervention. *See Ctr. for Biological Diversity*

---

[1] The Government misunderstands Agri Stats's request as one to intervene in the MFJ itself, which is nearly two years old. ECF 118 at 6. Agri Stats clarifies, and this Court agrees, that it is not challenging the MFJ. ECF 122 at 1.

*v. Raimondo*, No. 18-112-JEB, 2021 WL 2823102, at *3 (D.D.C. July 7, 2021) ("[I]t can be proper to intervene even at very late stages if the purpose of intervention could not possibly have been achieved earlier.").

Agri Stats's motions were timely.

      b. *Interest in the Subject Matter of the Underlying Action*

Next, the parties disagree about whether Agri Stats has an interest in this litigation. Agri Stats has an interest in the motions to enforce the MFJ because the motions directly seek to cancel contracts with Agri Stats. Agri Stats "stand[s] to gain or lose by the direct legal operation of the district court's judgment." *JLS Inc. v. Pub Serv. Comm'n of W. Va.*, 321 F. App'x 286, 290 (4th Cir. 2009) (future income is a protected interest). The government's arguments that Agri Stats's interests are "speculative" are unavailing—the government is trying to enforce the MFJ to require two entities to terminate their business relationships with Agri Stats.

Agri Stats has an interest in the litigation.

      c. *Necessary to Protect Interest*

Relatedly, the parties dispute whether intervention is necessary for Agri Stats to protect its interests in this lawsuit. But the two Agri Stats customers at issue in the motions to enforce account for nearly 20% of Agri Stats's revenue. ECF 101-1 at 4; ECF 113-1 at 4. Agri Stats also asserts that granting the government's motions would impede its First Amendment rights to share other information with its customers. *Id.* at 5; ECF 101-1 at 5. The government's counter is essentially that Agri Stats is wrong on the merits. ECF 118 at 13. That is not relevant to Agri Stats's right to advocate its position where the Court's decision on this issue will impact its business.

Agri Stats's intervention is necessary to protect its interests.

4

d. *Adequate Representation*

Finally, the parties dispute whether the existing parties to the lawsuit will adequately represent Agri Stats's interests. The government argues that the Defendants will adequately represent Agri Stats's interests because they all oppose the government's motions to enforce, and there is no adversity between them. ECF 118 at 13–15. But Agri Stats rightly notes that its burden here is "minimal." *JLS Inc.*, 321 F. App'x at 290 (movant need only show that the other parties' participation "may be inadequate" to justify intervention). The presumption that a non-party is adequately represented only applies where their interests "overla[p] fully" with a party to the case's interests. *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 197 (2022) ("Where the absentee's interest is similar to, but not identical with, that of one of the parties, that normally is not enough to trigger a presumption of adequate representation."). Agri Stats's interests are not identical to Wayne-Sanderson's or George's interests. At a minimum, the Defendants in the case cannot represent Agri Stats as to its constitutional arguments. Agri Stats also has a financial interest in the continuation of its contracts that the Defendants do not share. Agri Stats has met its minimal burden.

\* \* \*

Because all four factors weigh in its favor, Agri Stats is entitled to intervene as of right. This Court need not reach Agri Stats's request for permissive intervention. Both motions to intervene are granted. This Court will consider the opposition briefs Agri Stats attached to its motions, ECF 101-2, ECF 113-2, when it adjudicates the motions to enforce the MFJ.

## II.  CONCLUSION

For the reasons stated above, Agri Stats's motions to intervene, ECF 101, 113, are GRANTED. The clerk will be directed to file both of Agri Stats's proposed briefs in opposition, ECF 101-2, 113-2, on the docket. The government may file one brief responding to Agri Stats's briefs within two weeks of the date of this opinion.


Dated: April 30, 2025                                              /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge