UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              *Plaintiff*,<br><br>v.<br><br>CARGILL MEAT SOLUTIONS CORPORATION, *et al.*,<br><br>                             *Defendants*. | Civil Action No.: 1:22-cv-01821-SAG |

**JOINT STIPULATION REGARDING MOTIONS TO SEAL**

**I. Background**

    1.    On January 18, 2025, the United States filed a Motion to Enforce the Final Judgment Against Wayne-Sanderson. ECF No. 86. On the same date, Wayne-Sanderson filed a Motion for Clarification of the Modified Final Judgment. ECF No. 89. In support of their respective briefs, both the United States and Wayne-Sanderson submitted certain materials provisionally under seal. *See* ECF Nos. 88 and 91.

    2.    On February 3, 2025, the United States and Wayne-Sanderson jointly filed a Motion to Seal and for Continued Provisional Sealing. ECF No. 107. That motion sought the provisional sealing of all materials filed under seal until the parties met and conferred to address sealing issues after the completion of briefing. The motion included obligations that the parties meet and confer within 14 days of the completion of briefing and file a joint status report regarding sealing issues within 21 days. *Id.* at 2. The Court granted that motion on February 20, 2025. ECF No. 117.

3. Pursuant to those obligations, the United States and Wayne-Sanderson filed joint status reports on March 31, 2025, April 14, 2025, and May 5, 2025, indicating that they were engaged in a cooperative discussion over treatment of provisionally sealed documents. The parties have since conferred and agree that certain documents, previously filed provisionally under seal, may be filed publicly or with limited redactions for the purpose of maintaining the business sensitive or proprietary information of Wayne-Sanderson and various third parties, as follows:

| ECF | Document Description | Exhibit | Initially Filed | Stipulated Filing |
|---|---|---|---|---|
| 86-1 | Memorandum in Support of DOJ Motion to Enforce | | Redacted | Public; no redactions |
| 86-3; 89-6 | Aug. 28, 2024 Compliance Report (without exhibits) | Exhibit 1 to ECF No. 86-1; Exhibit 1 to ECF No. 89 | Fully Under Seal | Public; limited redactions |
| 86-4 | Excerpt from Agri Stats report | Exhibit 2 to ECF No. 86-1 | Fully Under Seal | Fully Under Seal |
| 86-5 | Excerpt from Agri Stats report | Exhibit 3 to ECF No. 86-1 | Fully Under Seal | Fully Under Seal |
| 86-6; 89-7 | Oct. 7, 2024 letter from DOJ | Exhibit 4 to ECF No. 86-1; Exhibit 2 to ECF No. 89 | Fully Under Seal | Public; no redactions |
| 86-7; 89-8 | Oct 18, 2024 letter from WSF counsel | Exhibit 5 to ECF No. 86-1; Exhibit 3 to ECF No. 89 | Fully Under Seal | Public; no redactions |
| 86-9 | Jan. 10, 2025 letter form WSF counsel | Exhibit 7 to ECF No. 86-1 | Fully Under Seal | Public; no redactions |
| 89-4 | Feyler Declaration | Exhibit 1 to ECF No. 89 | Fully Under Seal | Public; limited redactions |
| 89-16 | WSF responses to interrogatories[1] | Exhibit 11 to ECF No. 89 | Fully Under Seal | Public; limited redactions |
| 105-3 | Dec. 2024 Compliance Report (Exhibit to Wayne-Sanderson Opposition to Motion to Enforce) | Exhibit 2 to ECF No. 105 | Fully Under Seal | Public; limited redactions |

---

[1] Wayne-Sanderson has excerpted the interrogatory responses such that only material relevant to the briefing is included.

| 105-4 | June 2024 Compliance Report (Exhibit to ECF 105, WSF Opposition to Motion to Enforce) | Exhibit 3 to ECF No. 105 | Fully Under Seal | Public; limited redactions |

## II. Reasons for Continued Sealing of Certain Unredacted Material

4. The United States and Wayne-Sanderson contend that alternatives to sealing would not provide sufficient protection. Local Rule ("LR") 105.11 requires that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

5. The Court "presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (*quoting Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). Such records include "judicially authored or created documents," as well as documents filed with a court that "play a role in the adjudicative process, or adjudicate substantive rights." *United States v. Appelbaum (In re United States)*, 707 F.3d 283, 290 (4th Cir. 2013).

6. However, the presumptive right of public access to court records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police*, 386 F.3d at 575. *See also Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011) (*noting* that "If competing interests outweigh the public's right of access . . . the court may, in its discretion, seal those documents[]"). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (internal citations omitted). Ultimately, the "decision whether to grant or restrict access to judicial records or documents" under the common

law is "best left to the sound discretion of the [district] court." *Va. Dep't of State Police*, 386 F.3d at 575 (*quoting Nixon v. Warner Communications, Inc.*, 435 U.S. 598–99 (1978)).

7. The only material kept fully under seal under this stipulation is ECF 86-4 and 86-5, which are excerpts or quotations from reports created by Agri Stats, Inc. The parties have conferred with Agri Stats and understand that, in its view, ECF 86-4 and 86-5 contains information regarding the proprietary structure of Agri Stats reports and how the metrics in the report are organized, such that unsealing would be detrimental to their business operations. Agri Stats is now an intervenor in this case, and should the Court require it, can supplement the reasons for continuing to keep the exhibits under seal.

8. The parties propose limited redactions to ECF Nos. 86-3 (also 89-6), 89-4, 89-16, 105-3, and 105-4 to redact certain information that Wayne-Sanderson claims as competitively sensitive and/or business confidential information and to redact portions of monitor reports regarding Cargill, a non-party to the enforcement actions before the Court. As this matter was initially filed as a Stipulated Consent Decree (ECF 2), there is no protective order, but the parties agree to these limited redactions.[2]

9. The need to shield competitively sensitive information from public disclosure has been broadly recognized by courts, including the Fourth Circuit. *See, e.g.*, *Rothman v. Snyder*, No. 20-3290 PJM, 2020 U.S. Dist. LEXIS 237524, at *9 (D. Md. Dec. 17, 2020) ("The Fourth Circuit has recognized that a business may have 'a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial

---

[2] The United States's position is that other information in these exhibits also could be considered competitively sensitive and/or business confidential, but does not oppose unsealing because believe such information is either sufficiently dated, excerpted, or has already been shared with other processors through the distribution of Agri Stats reports such that disclosure here would not be material or harm competition.

sealing of court record.'"); *see also id.* ("[C]ertain documents may merit protection if they 'contain confidential and proprietary information' that could provide 'an opportunity to obtain an advantage over competitors.'").

10.     The Fourth Circuit's holding in *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (*citing In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984)) sets forth the legal standard applied by this Court when determining whether it is appropriate to order the sealing of documents. It states that, before entering an order to seal, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

11.     The first *Ashcraft* consideration requires this Court to "allow[] sufficient time for objections to be made" to this motion for proper notice to be given. *Bureau of Nat'l Affairs v. Chase*, No. ELH-11-1641, 2012 U.S. Dist. LEXIS 104229, at *5 (D. Md. July 25, 2012) ("The public notice and opportunity to challenge requirements are met when the court allows sufficient time for objections to be made."). The District of Maryland local rules require a minimum of 14 days before any ruling can take place and stipulate that "[m]aterials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court." LR 105.11. So long as an order sealing the documents is filed at least 14 days after this motion, the public notice requirement has been satisfied. *Norris v. PNC Bank, N.A.*, No. ELH-20-3315, 2021 U.S. Dist. LEXIS 240438, at *7 (D. Md. Dec. 16, 2021) ("When motions have been docketed and available to the public for multiple weeks . . . the [requirements for giving public notice and providing a reasonable opportunity to object to the motion] have been met.").

12.     The second *Ashcraft* consideration is also satisfied because it requests the least drastic alternative to keep sealing all of the prior exhibits that were previously filed under seal. Put another way, instead of requesting that documents be filed entirely under seal, the parties have proposed limited redactions. The third *Ashcraft* consideration is satisfied after this Court "provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." 218 F.3d at 302. The proposed Order accompanying this Motion satisfies the requirements in *Ashcraft* through the findings of fact contained therein.

WHEREFORE, the parties respectfully requests that this Court issue an order to seal ECF No. 86-4 and 86-5, as well as the unredacted versions of ECF Nos. 89-4, 89-6, 89-16, 105-3 and 105-4.

Dated: May 12, 2025                                      Respectfully submitted,

                                                          ____/ s /____
                                                          JAMES RYAN
                                                          *(special admission as government attorney)*
                                                          Trial Attorney, Civil Conduct Task Force

KATE M. RIGGS
Acting Chief, Civil Conduct Task         EUN HA KIM
Force                                     *(special admission as government attorney)*
                                          Senior Trial Counsel

                                          United States Department of Justice
                                          Antitrust Division
                                          450 Fifth Street, NW, Suite 8000
                                          Washington, DC 20530
                                          Telephone: (202) 353-3797
                                          Facsimile: (202) 307-5802
                                          James.A.Ryan@usdoj.gov
                                          Eun-Ha.Kim@usdoj.gov

                                          *Attorneys for Plaintiff United States of America*

By:     / s /
Christopher E. Ondeck
Stephen R. Chuk (pro hac vice)
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com

Jared DuBosar (pro hac vice)
PROSKAUER ROSE LLP
2255 Glades Road
Suite 421 Atrium
Boca Raton, FL 33431
Telephone: (561) 995-4702
Facsimile: (561) 241-7145
jdubosar@proskauer.com

Hannah Silverman (pro hac vice)
Henrique Carneiro (pro hac vice)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3193
Facsimile: (212) 969-2900
hsilverman@proskauer.com
hcarneiro@proskauer.com

*Attorneys for Wayne-Sanderson Farms LLC*