

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| Chambers of | 101 West Lombard Street |
| J. Mark Coulson | Baltimore, Maryland 21201 |
| U.S. Magistrate Judge | MDD_JMCChambers@mdd.uscourts.gov |
| | Phone: (410) 962-4953 |
| | Fax: (410) 962-2985 |

July 23, 2025

LETTER TO COUNSEL

### ORDER SCHEDULING SETTLEMENT CONFERENCE

**RE:** *United States of America v. Cargill Meat Solutions Corporation et al*
   **Civil Case No.:** 1:22-cv-01821-SAG

Dear Counsel:

The above referenced case has been referred to me to conduct a settlement conference. Based on your communications with Chambers' staff, I understand all necessary participants are available on **Friday, September 5, 2025, at 10:00 a.m., and that it is your choice to appear in- person. Please forward to my Chambers as soon as possible the names of the attendees so that we can reserve the appropriate space. Also let me know who will be attending by telephone. You will be notified prior to the conference if it will be in a courtroom or my chambers, which will depend on the number of participants.** Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled prior to the commencement of the settlement conference.

It is essential that the parties, or in the case of a corporation, partnership, or government entity, a representative, with complete authority to enter into a binding settlement, be present in person. A person with "complete authority" is someone who has the experience and judgment to exercise that authority without having to consult with anyone who is not in attendance at the settlement conference. Please note that non-parties (other than counsel) should not attend the conference absent prior approval from opposing counsel and the Court. Additionally, because of limited space, the Court cannot accommodate minor children who are not parties to the case. Attendance by the attorney for a party is not sufficient. Please also be advised that the conference should conclude by **4:00 p.m.**, and all those in attendance should plan accordingly.

---

*United States of America v. Cargill Meat Solutions Corporation et al*
**Civil Case No.: 1:22-cv-01821-SAG**
July 23, 2025
Page 2

I would like to receive a short *ex parte* letter by email (mdd_jmcchambers@mdd.uscourts.gov) **August 29, 2025.** The *ex parte* letter should NOT EXCEED FIVE PAGES, from each party and should candidly set forth the following:

(1) facts you believe you can prove at trial;

(2) the major weaknesses in each side's case, both factual and legal;

(3) reference to any pending dispositive or other motions that would have a significant effect on settlement for the Court to review prior to settlement (please include a copy of the motion(s) and the docket number(s) and highlight and tab the relevant portions);

(4) the history of any settlement negotiations to date; and

(5) estimate of attorneys' fees and costs of litigation through trial.

The letters may be submitted *ex parte* and will be solely for my use in preparing for the settlement conference. I also will review select pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter by email. A paper copy of all attachments exceeding 25 pages should be mailed or hand delivered to chambers.

In advance of the settlement conference, to make the best use of our time, the parties should exchange proposals for resolving the case no later than two weeks before the conference. Although the Court does not want to constrain that exchange in any way, the Court will offer the following guidance regarding its expectations. As the Court understands it, the Government has concerns regarding the information that Defendants Wayne-Sanderson and Georges both share with and receive from Intervenor Agri Stats relating to compensation. Defendants and Intervenor have a willingness to make proposals in response to those concerns. Therefore, in advance of the conference, the Court expects that Defendants and Intervenor will first make specific proposals to the Government aimed at addressing those concerns, and that the Government will respond, indicating specific areas of agreement and disagreement with those proposals. The Court encourages as many rounds of this process as is practical prior to the mediation.

*United States of America v. Cargill Meat Solutions Corporation et al*
**Civil Case No.: 1:22-cv-01821-SAG**
July 23, 2025
Page 3

**FAILURE TO COMPLY WITHOUT JUSTIFICATION MAY RESULT IN THE
IMPOSITION OF SANCTIONS**

If counsel believes that a telephone conference prior to **September 5, 2025,** would make the settlement conference more productive, please contact my judicial assistant, Debbie Wengert-Rippetoe (Deborah_Wengert-Rippetoe@mdd.uscourts.gov), to make arrangements.

The settlement conference process will be confidential, and disclosure of confidential dispute resolution communications is prohibited except by agreement of the parties or as required by law. See 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

I look forward to seeing you on **September 5, 2025.**

Sincerely yours,

J. Mark Coulson
United States Magistrate Judge

cc:     Court File
        The Honorable Stephanie A. Gallagher