

U.S. Department of Justice

Antitrust Division

*Liberty Square Building*

*450 5th Street NW*
*Washington, DC 20001*

September 24, 2025

The Honorable Stephanie A. Gallagher
101 West Lombard Street
Baltimore, MD 21201

Re:     *United States v. Cargill Meat Solutions*, No. 1:22-cv-18211-SAG-JMC (D. Md.)

Dear Judge Gallagher,

    The Antitrust Division of the United States Department of Justice (the "Antitrust Division") writes in response to the Court's September 18, 2025 letter. The Court asked whether Agri Stats' latest potential settlement with the class plaintiffs in *Jien v. Perdue Farms*, 1:19-cv-025210-SAG (D. Md.) ("*Jien*"), would stop Agri Stats from including data in its reports that the Antitrust Division argued could be used to calculate labor cost per hour in the government's example of cutup labor. *See* ECF 86-1 at 18; ECF 108-1 at 14.

    The Antitrust Division received only a summary of the conduct modifications stated in the proposed settlement but has not received the full draft that it requested. Based on the Antitrust Division's limited information about that proposed settlement, Agri Stats would be required to stop reporting the specific information discussed in the particular examples of cutup labor raised by the Court's letter. The Antitrust Division does not agree, however, that the settlement resolves the issues surrounding Agri Stats' reporting of labor costs per hour data or other Compensation Information at issue in this enforcement action. The Antitrust Division takes no position at this time on the merits of any potential settlement in *Jien*.

    Although the proposed *Jien* settlement requires Agri Stats to redact certain *plant level* data fields from its reports, there are important exceptions. *First*, the proposed settlement language states, "nothing in this Settlement Agreement prohibits or limits . . . the inclusion of non-plant level data[.]" This means Agri Stats can continue to provide information from any of the redacted fields so long as the data are not provided at the individual plant level.

    *Second*, the settlement only applies to specified data fields in specified reports. Agri Stats will remain free to publish data fields redacted from one report in a different report if that different report is not slated for redaction. In the past, it was possible to repopulate tables that the first proposed *Jien* settlement obligated Agri Stats to redact using other

figures permitted under that settlement. This loophole is unchanged in the current settlement proposal.

   Taken together, these considerations underscore why the Antitrust Division has advocated for a remedy that addresses the poultry processing workers' compensation information the Defendants send *to* Agri Stats, rather than focusing only on the information Agri Stats sends to Defendants.

   Please let us know if we can provide additional information to the Court.

Sincerely,

Eun Ha Kim
Senior Litigation Counsel
United States Department of Justice, Antitrust Division