**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>  v.<br><br>CARGILL MEAT SOLUTIONS<br>CORPORATION, *et al.*,<br><br>    *Defendants*. | Civil Action No.: 1:22-cv-01821-SAG |

**REPLY IN SUPPORT OF THE UNITED STATES'**
**MOTION FOR ADDITIONAL EVIDENCE AGAINST WAYNE-SANDERSON**

The Final Judgment plainly orders Wayne-Sanderson not to "Communicate," WS FJ § II.F, "Competitively Sensitive Information" about "Compensation," WS FJ § II.H., to its competitors and third parties, specifically naming "Consulting Firm" Agri Stats, WS FJ § II.I. Wayne-Sanderson admits that they have continued to share compensation information with Agri Stats throughout the entire term of the Final Judgment. *See* ECF 121. Wayne-Sanderson claims that the Final Judgment relates only to "individual wages," a term found nowhere in the Final Judgment, and that Agri Stats is not a "Consulting Firm" despite it being one of only two companies[1] explicitly included by name in the definition. While the plain language should prevail, the redlined, draft consent decree offers additional contextual evidence that Wayne-Sanderson's current claimed interpretation of the Final Judgment is not correct. ECF 153. The United States will briefly address Wayne-Sanderson's arguments. ECF 159.

First, the terms of the Final Judgment do not bar Wayne-Sanderson from subscribing to Agri Stats. ECF 159 at 1, 5. That is not in dispute. The plain language of the Final Judgment requires Wayne-Sanderson to modify the compensation information it receives and sends to Agri Stats to ensure that such information complies with the terms of the Final Judgment that Wayne-Sanderson agreed to. Wayne-Sanderson ignored those requirements. Had Wayne-Sanderson severed and stopped sending and receiving competitively sensitive compensation information as it agreed to do, this action to enforce the Final Judgment, protecting the interests of poultry processing workers, would not be necessary.

Second, Wayne-Sanderson argues that its proposed carve-out language stricken by the United States did not specifically contemplate Agri Stats. This is irrelevant. The additional

---

[1] Agri Stats provides written materials, participates in-person meetings, and facilitates other means of communication for nearly the entire poultry processing industry. Agri Stats cannot now make superficial modifications to some of its reports, years later, and claim these unilateral changes rewrite and remove it from the definition of Consulting Firm in the Final Judgments.

evidence supplied to the Court shows that Wayne-Sanderson understood that Section IV would prohibit the company from sharing compensation information with third party "Consulting Firms" who would then distribute information to other poultry processors, even if such information was in aggregated and anonymized form.[2] As part of the negotiations, the United States rejected a limited carve-out. Wayne-Sanderson then entered into the Final Judgment, prohibiting the company from sharing information that could be published in third-party reports about poultry worker compensation, even where the information in the reports was anonymized and aggregated. Wayne-Sanderson's arguments to the contrary, such as in its most recent brief where it argues that Section IV does not contemplate "Agri Stats' inclusion of anonymized, well-parsed, and aggregated cost-data" about Compensation for Poultry Processing Workers, cannot be squared with this additional evidence the United States submitted to the Court. ECF 159 at 3.

Wayne-Sanderson's remaining arguments, including the argument that it felt pressured to enter into the Final Judgment—which the United States strongly disputes—have been fully briefed already. *See, e.g.*, ECF 121 at 6-7.

For the reasons articulated above and in the United States' Motion to Enforce the Final Judgment, ECF 86, the United States requests that the Court (a) order Wayne-Sanderson to cease sharing all information with Agri Stats until the Monitors and the United States, or this Court, can ensure compliance with the Final Judgment, (b) extend the term of the Final Judgment, and (c) order any additional relief as may be appropriate.

---

[2] The United States rejected a proposed safe harbor for information *at least 2 years old* with poultry processors representing *fewer than 20%* of all companies. The rejected "safe harbor" language is far more stringent than what Agri Stats does. Agri Stats shares compensation information that can be *weeks old* and is *100%* comprised of poultry processors. It would make no sense if the Antitrust Division "could not get comfortable" with data-sharing that was more aggregated and less timely than what Agri Stats reports but *was* comfortable with Wayne-Sanderson continuing its business as usual with Agri Stats.

Dated: September 25, 2025

Respectfully submitted,

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

/s/ Eun-Ha Kim

KATE M. RIGGS                          EUN-HA KIM
Acting Chief                           *(special admission as government attorney)*
Anti-Monopoly and Collusion            Senior Trial Counsel
Enforcement Section

                                       United States Department of Justice
                                       Antitrust Division
                                       450 Fifth Street, NW, Suite 8000
                                       Washington, DC 20530
                                       Telephone: (202) 805-8465
                                       Eun-Ha.Kim@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Eun-Ha Kim, hereby certify that on September 25, 2025, I caused true and correct copies of the United States' Reply in Support of Its Motion for Additional Evidence to be served via the Court's CM/ECF system and email to counsel for Wayne-Sanderson, George's, and Agri Stats.

FOR PLAINTIFF
UNITED STATES OF AMERICA

/s/ Eun-Ha Kim
EUN-HA KIM
*(special admission as government attorney)*
United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Telephone: (202) 805-8465
Eun-Ha.Kim@usdoj.gov

4